Thank you, Ms. Richard. The court will proceed to the sixth and final case, the United States v. Bolin. Ms. Berger. May it please the court, my name is Erin Berger, and I am CJA counsel for Josh Bolin. Mr. Bolin's case comes to this court following the imposition of a special assessment under 18 U.S.C. 3014. Ms. Berger, does your client want to withdraw his plea of guilty? He does not, Your Honor. Well, as you know from our circuit's cases, the validity of a waiver stands or falls with the validity of the plea. Having signed a waiver of appeal, the only way to get out of the waiver of appeal is to withdraw the plea of guilty. And if he doesn't want to do that, you're stuck. And there we are. The government could, of course, waive its rights under the waiver, but it hasn't. Your Honor, my client's position would be that the special assessment under 3014 I know your client contends that an error was made. That's the right to make such an argument in the court of appeals is what this waiver is all about. You can't say you waive the right to appeal except where the judge made an error. That's the same as not waiving the right to appeal. And, Your Honor, I think. This waives the right to appeal. In other words, it waives the right to contend in the court of appeals that the judge made an error. And I think that waiver extends to the items that were covered by the plea agreement. It's a comprehensive waiver. It doesn't say it waives A, B, and C, but not D and E. The comprehensive waiver. It is a comprehensive waiver in this case, Your Honor. However, I think the special assessment under 3014 falls outside of that, in that it was never contemplated by the government in the plea agreement. What language in the plea agreement are you relying on? The exclusion of the Section 3014 from the plea waiver that included. What language? The way to answer that question is to point to the plea agreement and quote me the language you're relying on. Yes, Your Honor. The plea agreement contemplates the. I don't ask what it contemplates. I ask what it says. What language are you relying on? The absence of 3014. In other words, none. The absence of the language. Yes, Your Honor. The plea agreement does not specifically state, Mr. Boland waived. It doesn't specifically state anything else. It's just a general waiver. It doesn't say we waive our right to argument about the privilege against self-incrimination. We waive our right to argue about. That's not how it's structured. But it is structured, Your Honor, to waive the right to appeal the term of years, the term of supervised release, the restitution, any fine, and the special assessment under 3013. I think the exclusion of 3014 from that language would exclude the special assessment under 3014 from the waiver of the appeal. And it's that argument that my client is relying on in bringing the appeal. And I think that leads us back to a question about the construction of the statute that my client was assessed the special assessment under. The very language of 3014 states that the assessment is imposed, shall be imposed, on a non-indigent defendant. We simply don't have that situation here. My client was indigent for the appointment of CJA counsel. The pre-sentence report finds my client to be indigent and to have no future ability to pay a fine or to pay any type of a fine. The judge at the sentencing hearing found my client to have no ability to pay a fine. May I ask, therefore, why you care? If your client can't pay this, he can't pay it, on the principle that you can't get blood from a stone, this is a completely irrelevant thing the district judge has done. Perhaps, Your Honor, but my client… In fact, it's relevant only if your client can pay. And so the very fact that he's appealing implies that he's not indigent. Otherwise, what's the point? I think his hope would be that at some point he would be able to be released from incarceration and be a gainful member of society and this $5,000 special assessment would impede upon his ability to do that. When we do consider the case that was cited by the government, which is U.S. v. Kelly… How are assessments like this treated in bankruptcy? I don't know the answer to that, Your Honor, but I would presume that under the bankruptcy code it would fall in the same provisions that other criminal fines… But it's not a fine, though. It's a special assessment. It is a special assessment. Lumped with the $100 special assessment for every conviction. It may be possible to look it up, but it's certainly not a fine. It's not how it's stated. And it's also not restitution, to speak to that, Your Honor. And it's also not as a result of any type of fraud. So I don't know the answer to the court's question. It's something that I had not considered. I would be happy to look that up if Your Honor would… It may not be look-up-able. Don't let me send you down a blind alley. In considering the case of U.S. v. Kelly, which is the case that is cited in the government's brief, which Mr. Reitz was skilled enough to locate that I did not, the court did find that Mr. Kelly should be assessed with a special assessment. However, the difference in that case is that Mr. Kelly was not found to be indigent. He was also assessed a fine under other provisions. And that leads us to believe in examining that case that, while it does discuss the statute that Mr. Boland is assessed the special assessment under, that the facts of that case are different enough that we can assume that there was no finding of indigence there. Similarly, however, in Mr. Boland's case, we don't see an argument by the government that the special assessment should be imposed. We don't see any evidence actually presented by the government of Mr. Boland's current or future earning capabilities of his current or future indigency. We do see reference in the pre-sentence report that he's indigent. And we do find in the sentencing, in the colloquy, the government, I'm sorry, the judge actually, the judge states that he finds he has no ability now, and based on his future earning abilities, finds that he has no ability to pay a fine. And I think that under Kelly is going to be a deciding factor in this case, whether or not Mr. Boland has future ability, if that's the course that we decide to take. However, my client's argument would be that the simple terms of the statute differ from the words that we see used in any other statute that we're looking at today. When we look at 3013, we don't see a requirement that the defendant be non-indigent. When we look at fines, we don't see a requirement that the defendant be non-indigent. The very inclusion of those words by the drafters of the statute and those words being adopted into the statute that we're looking at leads a reasonable person to believe that that's a showing that has to be made and that that's a showing that needs to be made by the government in presenting some evidence, some testimony to set out whether indigency exists now and if the court chooses to require it in the future as well, similar to what we see for restitution. But we don't have that here in this case. And we actually have in the government's brief that was filed a concession that my client is indigent.  So my client's position would be that 3014 requires, because he has not been found to be non-indigent, that the $5,000 special assessment not be assessed against him. And his request would be that the $5,000 special assessment be removed from the terms of the judgment but that the balance of the plea agreement remain in force. Thank you, Mr. Berger. Mr. Reese? May it please the Court, Brian Reitz for the United States. I just have three points. First, as Judge Easterbrook said, the appeal waiver is based on what it says, and what it says is a blanket waiver that applies to all provisions. We're standing on that, and we think the appeal waiver clearly covers Mr. Bullen's claim. As for the merits, first, Kelly, the Eighth Circuit case, actually Mr. Kelly was found indigent. That's on page 800 of the opinion. He was found indigent and appointed counsel in both the District Court and the Eighth Circuit, said those decisions are not the same. So that case takes us out of plain error at the very least. Third, I just want to point out that in indigency determinations, it's the defendant that bears the burden to prove that. So while Mr. Bullen said today we haven't proved that he isn't, the question is whether Mr. Bullen has proved that he is. If there are no further questions, we would be happy to. Well, do you happen to know the answer to my side inquiry about discharge? Prisoners get out of prison, and it's safe to say that most prisoners, even if they had assets when they went in, are not solvent when they get out. 523A7 of the Bankruptcy Code says you can't discharge something to the extent such debt is for a fine, penalty, or forfeiture. What's a special assessment? I don't know the answer to that question, Your Honor. Maybe it's never been litigated. I'm not sure that it has. The phrase is not used anywhere in the Bankruptcy Code, except for special assessments on real estate for condominium owners. But other than that, it's not used in the code. I don't know. What I would say is, in practice, how this would work, when Mr. Bullen is released, he would agree to a set monthly payment with the Probation Department. He would pay that. If at some point he was not fulfilling that obligation and the government sought to enforce that, he would have an opportunity to go to court and claim that he was indigent. So there's no concern about being deprived of his liberty. Did the government request this? No, we did not, Your Honor. The judge decided to impose it. But no, we did not request it. If there are no further questions, we rest on our briefing.  Thank you. Ms. Berger. Thank you, Your Honor. I'd just like to address the point of the defendant bearing the burden. I think the statute differs from the general case law that says the defendant bears the burden of proving indigency. And the reason for that is this is an element of the statute. The statute requires that the defendant be non-indigent, and I think that that shifts the burden to the United States to prove, and the government did not do that. Thank you. Thanks, both counsel. Ms. Berger, you have the additional thanks of the court for accepting this appointment. Case is taken under advisement. The court will stand in recess.